## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

PC CELLULAR, INC., a Florida
Corporation, SOUTHEAST CORPORATE
STORES, a Florida company and
CHADDIE SULEIMAN, an Individual

      Plaintiffs,

v.                                 Case 5:14-cv-00237-RS-GRJ

SPRINT SOLUTIONS, INC.,
a Delaware Corporation, BOOST MOBILE
LLC, a Delaware limited liability company,
JERRY BLAND, an Individual, VIP
WIRELESS INC., a Pennsylvania
Corporation, VIP HOLDINGS, LLC,
a Delaware limited liability company,
JACK HUSTON, an individual,
PATRICK GROSKOPF, an individual, and
VIRGIN MOBILE USA, L.P.,

      Defendants.

_____/

## <u>ORDER</u>

Before me are Defendants VIP Wireless, Inc., and VIP Holdings, LLC's

Motion to Dismiss or for a More Definite Statement (Doc. 5); Defendant's, Jack

Huston and Patrick Groskopf's, Motion to Dismiss (Doc. 6); Defendants Sprint

Solutions, Inc., Boost Mobile, LLC, Virgin Mobile USA, L.P., and Jerry Bland's

Motion to Dismiss Plaintiffs' "First Amended Complaint" (Doc. 7);

Plaintiffs' Opposition to Defendant Huston and Groskopf's Motion to Dismiss

(Personal Jurisdiction) (Doc. 9); Plaintiffs' Opposition to VIP Wireless Motion to Dismiss / More Definite Statement (Doc. 10); Plaintiffs' Opposition to Sprint / Bland's Motion to Dismiss (Personal Jurisdiction) (Doc. 11), and Plaintiffs' Motion to Obtain Jurisdictional Discovery (Doc. 15).

Chaddie Suleiman, along with his companies, has sued Sprint and VIP Wireless, along with their agents and subsidiaries, for relief related to an alleged conspiracy to force him to sell or close the prepaid cell phone stores that he owned and operated. I find that Suleiman's complaint fails to plead sufficient factual material to state any claims, and so it is dismissed with leave to amend. Because his complaint fails to state any claims, I need not decide any issues relating to personal jurisdiction.

## I.    <u>STANDARD OF REVIEW</u>

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984).  I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff.  *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir.

2000) (citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

## II.   <u>BACKGROUND</u>

Plaintiffs PC Cellular and Southeast Corporate Stores, which are both controlled by Plaintiff Chaddie Suleiman, (collectively, "Suleiman"), operated 14 retail mobile phone stores in Northwest Florida and Alabama. (Doc. 1 at 3; Doc. 10 at 2).

Suleiman entered into  contracts with Defendant Sprint Solutions, along with its subsidiaries, Defendants Boost Mobile and Virgin Mobile, and through a Sprint management executive, Jerry Bland (collectively, "Sprint"),  to sell Sprint's pre-paid cell phone services to consumers. (Doc. 1 at 4-5, 8). Plaintiffs were required to have their storefront with a landlord approved by Sprint. (*Id.* at 5).

Suleiman likewise entered into contracts with a "master service provider," Defendant VIP Wireless, Inc., operating through Defendant VIP Holdings, LLC, and through its president, Jack Huston, and vice president, Patrick Groskopf (collectively, "VIP"), to supply the retail stores with inventory. (*Id.* at 2-3, 4, 8). Plaintiffs had a similar agreement with another (non-party) master service provider, Actify. (*Id.* at 8). The contracts were two separate multi-party

agreements: the first between Suleiman, Sprint, and VIP; and the second between Suleiman, Sprint, and Actify. (Docs. 7-1, 7-2).[1]

Suleiman alleges a series of events in which Sprint and VIP "conspired" to force him out of the prepaid mobile phone business. (Doc. 1 at 5). Around February 2014, both Sprint and VIP allegedly "took over stores Mobile and Tallahassee," which forced Plaintiffs to sell some stores. (*Id.* at 5). Then, in March 2014, VIP contacted Actify to try to switch some of Suleiman's Actify stores into VIP stores, in a move that apparently intervened in his business relationship with Actify, although Actify did not agree to the switch. (*Id.*).

Later that month, Sprint contacted Suleiman and informed him that he was in violation of their agreement because he engaged in unauthorized advertising and mixing inventory between Actify and VIP stores. (*Id.* at 6). Suleiman alleges that these moves were pretextual because Sprint had tacitly authorized the advertising and allowed it with other retailers and because Actify told him to leave the inventory issues alone. (*Id.*). Next, VIP contacted Suleiman and told him that he owed a balance under the master agreement, and told him he had five days to comply with requirements or be shut down. (*Id.*). By April, Plaintiffs' stores were

---

[1] While the complaint does not describe these agreements with specificity, the Sprint Defendants attached the agreements to their motion to dismiss. I can consider these agreements at the motion to dismiss stage as they are central to Plaintiffs' complaint. *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Plaintiffs do not dispute the authenticity of these agreements.

shut down or sold and the contracts terminated. (*Id.*). Sprint allegedly failed to properly account for and pay Plaintiffs financial incentives that they were owed under the contract for originating cell phone sales. (*Id.* at 7-8).

Suleiman filed this suit on the basis of diversity jurisdiction. He brought claims against both Sprint and VIP for tortious interference with a business relationship as to Plaintiffs' leases (Count I); tortious inference with a business relationship as to Actify (Count II); open account (Counts IV, V, VI, and VII), and common law equitable accounting (Count VIII). He also brought a "wrongful termination" claim against Sprint (Count III).

All defendants have moved to dismiss for failure to state a claim as well as lack of personal jurisdiction as to Bland, Huston, and Groskopf.

### III.   ANALYSIS

I first address the motions to dismiss for failure to state a claim as to each count of Suleiman's Complaint. Because I find that the Complaint fails to state any claim for relief, I do not reach the issue of personal jurisdiction.

### a.   *Tortious Interference with a Business Relationship as to Plaintiffs' Leases (Count I)*

Suleiman alleges that the conduct of both Sprint and VIP amounted to a tortious interference of the business relationship between Plaintiffs and their

landlords because they were forced to terminate their leases after they shut down or sold their storefronts.

Under Florida law, the elements of tortious interference with a business relationship are: (1) the existence of a business relationship that affords the plaintiff existing or prospective legal rights; (2) the defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff. *Int'l Sales & Serv., Inc. v. Austral Insulated Products, Inc.*, 262 F.3d 1152, 1154 (11th Cir. 2001). However, such claims cannot lie against business relationships to which the defendant is a party; the interfering party must be a third party or stranger to the business relationship. *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1294 (11th Cir. 2001).

Suleiman's Complaint fails to plead to enough factual information to establish a claim for tortious interference with respect to the leases. The Complaint does not sufficiently describe the nature of Suleiman's business relationship with the landlords or the prospective legal rights he held with them, nor does it describe how each defendant intentionally interfered with Suleiman's relationship with the landlords, nor does it sufficiently describe how he was damaged due to the alleged interference.

The confusing series of allegations in the Complaint also fails to distinguish between which defendants engaged specifically in which action. The complaint does not plead enough specific factual material to put each defendant on fair notice of the claim that is being brought against it. *See Twombly*, 550 U.S. at 556 n. 3 ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Accordingly, Count I is dismissed with leave to amend in order to plead sufficient clear and specific factual material to state a claim for tortious interference.

**b.**     ***Tortious Interference with a Business Relationship as to Actify (Count II)***

Suleiman also alleges that Sprint and VIP's wrongfully interfered with his business relationship with Actify.

He alleges that VIP attempted to persuade Actify to swap Suleiman's stores, but he also alleges that Actify declined to engage in the switch. (Doc. 1 at 5). He has thus wholly failed to plead any factual content alleging that he was damaged by this alleged interference.

He has likewise not pled material facts to demonstrate how Sprint had any involvement with any tortious interference with the Actify contract, and, if it did, how it caused damages. Furthermore, Suleiman has not pled any facts to

demonstrate why Sprint, which is a party to the agreement with Actify and therefore not a "stranger," may be liable.

His complaints are once again dismissed with leave to amend in order to plead factual content giving rise to a claim for tortious interference.

### c.    *Wrongful Termination (Count III)*

Suleiman does not defend his "wrongful termination" claim against Sprint in his Opposition to Sprint / Bland's Motion to Dismiss (Doc. 11). He has therefore abandoned that claim. *See Hudson v. Norfolk S. Ry. Co.*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001), *citing Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir.1995) ("When a party fails to respond to an argument or otherwise address a claim [in a response to a motion to dismiss], the Court deems such argument or claim abandoned."). The claim is dismissed without prejudice.

I note specifically that I am not granting Suleiman leave to amend this claim. It has been abandoned rather than insufficiently plead. If Suleiman seeks to reassert the claim in an amended complaint, he must specifically request leave to do so and explain his failure to respond to Sprint's motion to dismiss. *See Woodfork v. Marine Cooks & Stewards Union*, 642 F.2d 966, 975-76 (5th Cir. 1981) (holding that district court must accept amended complaint that reasserts previously abandoned claim only where it finds that "justice so require[s]").

### d.     Open Accounts (Counts IV-VII)

Suleiman has also abandoned his open account claims by not addressing them in either of his responsive memoranda. He wholly failed to address the claim in responding to Sprint's motion. In responding to VIP's motion, he addresses the open accounting claim in one sentence, (Doc. 10 at 3), and does not appear to make any sensible argument as to why the claim should not be dismissed for the reasons stated in VIP's Motion to Dismiss, (Doc. 5 at 5-6). Such cursory treatment amounts to abandonment.

Counts IV, V, VI, and VII are therefore dismissed without prejudice, without leave to amend.

### e.     Equitable Accounting (Count VIII)

Suleiman finally demands an equitable accounting to settle his accounts with Sprint and VIP.

Under Florida law, the plaintiff seeking an equitable accounting must show that the parties share a fiduciary relationship or that the questioned transactions are complex, and that a remedy at law is inadequate. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1071 (11th Cir. 2007).

Here, Suleiman has not pled sufficient facts to show that the transactions are so complex as to warrant an equitable accounting, and has not adequately described what each defendant might owe him to justify an accounting.

Furthermore, he has failed to demonstrate why a remedy at law is inadequate, as he appears to be alleging little more than settling debts owed to him under contracts.

His equitable accounting claim is therefore dismissed with leave to amend.

### f.      *Jurisdictional Discovery*

Suleiman has also, both in his responses to all three motions to dismiss and in a separate motion, requested that I allow "jurisdictional discovery" in order to determine whether this Court has personal jurisdiction over Defendants Bland, Huston, and Groskopf. However, I need not decide the issue of personal jurisdiction over these defendants because Suleiman has not stated a claim upon which relief can be granted against them. Any pending motions regarding personal jurisdiction are therefore moot.

### IV.   <u>CONCLUSION</u>

I therefore find that Suleiman has failed to state any claims upon which relief can be granted. With respect to the claims that he has not abandoned, he has failed to plead sufficient facts to state a claim and put each defendant on notice of how each has allegedly wronged Suleiman.

The relief requested in Defendants VIP Wireless, Inc., and VIP Holdings, LLC's Motion to Dismiss or for a More Definite Statement (Doc. 5); and Defendants Sprint Solutions, Inc., Boost Mobile, LLC, Virgin Mobile USA, L.P., and Jerry Bland's Motion to Dismiss Plaintiffs' "First Amended Complaint" (Doc.

7) (to the extent it seeks dismissal under Fed. R. Civ. P. 12(b)(6)) are **GRANTED**.

Counts I, II, and VIII of Plaintiff's Complaint are **DISMISSED WITHOUT**

**PREJUDICE** with leave to amend not later than November 19, 2014. Counts III,

IV, V, VI, and VII are **DISMISSED WITHOUT PREJUDICE** without leave to

amend.

Defendant's, Jack Huston and Patrick Groskopf's, Motion to Dismiss (Doc.

6); Defendants Sprint Solutions, Inc., Boost Mobile, LLC, Virgin Mobile USA,

L.P., and Jerry Bland's Motion to Dismiss Plaintiffs' "First Amended Complaint"

(Doc. 7) (to the extent it seeks dismissal under Fed. R. Civ. P. 12(b)(2)); and

Plaintiffs' Motion to Obtain Jurisdictional Discovery (Doc. 15) are **DENIED AS**

**MOOT.**


      **ORDERED** on November 5, 2014.

                            **/s/ Richard Smoak**
                            **RICHARD SMOAK**
                            **UNITED STATES DISTRICT JUDGE**